IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Case/Cause No. _____22-50361_____

| | |
|---|---|
| Richard Wigginton, | In a Petition for Removal from |
| | The Circuit Court Boone County |
| Petitioner, Plaintiff, | Illinois |
| V. | Case No. 2021-CM-81 |
| | Honorable Judge Ryan Swift |
| State of Illinois, County of Boone, | |
| Attorney General Kwame Raoul | |
| City of Belvidere, ...et al | |

**RECEIVED**

ULI 1 8 2022

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Respondent, Defendants,

## <u>NOTICE OF PETITION; VERIFITED PETITION for WARRANT of REMOVAL</u>

Now comes the Petitioner, Richard Wigginton, in pro-se status, and in direct support of

the request for removal of the above-encaptioned state court cause into the jurisdiction of

the United States District Court, and on the Federal question involved, herein allege, state

and provide the case arises under, involves and the premise of Federal question, Federal

preemption, Federal statues (U.S.C. & C.F.R) and United States Constitutional questions.

## <u>JURISDICTION</u>

This Court now has proper jurisdiction over this cause of action for removal pursuant to,

but not limited to, the following statutory authorities: 28 U.S.C §1443, 28 U.S.C. §1442

and 28 U.S.C. §1455, 28 U.S.C. §1447 and also 28 U.S.C. §1339, 28 U.S.C. §1331,

28 U.S.C. § 2403, 18 U.S.C. §7(3), 28 U.S.C. § 1367, additionally 39 U.S.C.§ 410,

39 C.F.R.§ 232. Moreover, this Court under Article III, Section 2 Clause 1, Article VI,

Clause 2, with the express authority to hear and adjudicate and questions arising under the

1

Constitution, including but not limited to: Bill of Rights, Sixth, Ninth, Fourth and Fourteenth Amendments, Treasury Act, Postal Services, Government Appropriations Act for 1978, Pub. L. No. 95-81, 91 Stat. 341, Sec § 610 of the Act, the property clause Art. IV. §3 cl. 2, the postal clause Art. I, § 8, cl. 7, Necessary and Proper Clause "Federal jurisdiction is exclusive jurisdiction. (Article VI Supremacy Clause of the Constitution of the United States of America).

¶1. Plaintiff, Pro se in the above and captioned case and with this notice as directed to and pursuant under 28 U.S.C. §1443 and §1455 Federal Preemption of Federal statues under the United States Constitution over Federal USPS land (demonstrating existence federal jurisdiction and property, "Abel v. State Farm Fire & Casualty Co., 770 F 2D 26, 29 (3d Cir. Pa. 1985) as federal law overcomes state law within the exclusive territorial field and subject matter (as State record establishes, "Westmoreland Hosp. Ass'n, 605 F. 2d 119, 124 (3d Cir. 1979) the United States Constitution, United State Codes (U.S.C.) and Federal regulations C.F.R. (Codified Federal Regulations).

## INTRODUCTION

¶2. Petitioner complains of various willful, systemic deprivations of fundamental rights guaranteed by the Constitution, and/or by federal law and which depravations are civil violations including but not limited to United State Constitution and also criminal violations of 18 U.S.C. § 241 and § 242.

¶3. Within the proceeding of the instant state court, Petitioner has duly advised the state court Judge and all other parties - multiply times in official writing, i.e. "motions" that certain actions and judicial events are now existing, have been done, and now a further threat against the Petitioner, in clear, unambiguous violations of basic due process,

2

the federal Constitution, State statutory laws, Federal statutory laws, the relevant rulings

by the high state courts, the United State Supreme Court and/or against the relevant ruling

held unanimously by all of the several circuit court of appeals.

¶4.    This Petition for warrant of removal inures to the very essence of the enactment

and clearly expressed purpose of 28 U.S.C § 1443(1) by Congress, i.e: to provide a

remedy for removal to a United States District Court when a State Court litigant, (civil or

criminal) "is denied or cannot enforce in the courts of such state a right under any law

providing for the equal civil rights of citizens of the United States, or of all persons within

the jurisdiction thereof; and/or when a state court litigant is either being injured or

harmed, and/or about to be injured or harmed, because of "any act under color of

authority derived from any law providing for equal rights, or for refusing to do any act

on the ground that it would be inconsistent with such law."

¶5.    The relevant portion of 28 U.S.C. §1443, §1442, §1455 that provides for a timely

petition for removal is restated herein: "

Self-explanatory grounds for removal including but not limited to: (1) willful pursuing of

criminal charges by state entity, without any legal authority over federally, purchased,

owned and occupied property, (2) willful neglect of due process rights, (3) willful neglect

of Constitutional rights, (4) etc…

¶6.    Starting the 30-day clock in which to remove under Section all applicable status,

commenced on August 8th of this year (2022), the Petitioner did pursuant to Illinois

Supreme Court Rule 19 file Notice of Claim as required under subsection (a) of

Unconstitutionality with all respective parties, including but not limited to: state of

Illinois Attorney general Kwame Raoul,  required under subsection (c) which set forth

3

elements as required under subsection (b).

¶7.     Under the Federal rules of procedure Rule 5.1 – Constitutional Challenge to a Statute under subsection (b) Certification by the Court. The court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned. The Boone County Circuit Court has willfully refused to certify the Petitioners Rule 19 Notice, following a successive chain of events that is set fourth in the itemized docketing statement herewith attached.

¶8.     Under subsection (c) Intervention; Final Decision on the Merits. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional. Pursuant to subsection (c) sixty days to which the attorney general could intervene expired on October 7, 2022. Providing Petitioner with a 30 day deadline within which to file notice of Petition, warrant of removal, in so doing is valid, effective and reasonable through November 7, 2022.

¶9.     Under subsection(d)  provides a No Forfeiture clause, A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted. Thus Petitioner asserts the validity of Petition and warrant for removal is justifiable and exceeds the threshold of timeliness.

¶10.    Petitioner is very well within the time for removal, pursuant to the multiple judicial and related events of the state court matters having transpired against numerous laws and rights.

¶11.    This is a removal initially presents under 28 USC § 1443, available under Chapter

4

89 Title 28, nonetheless, quite different from all other types of removal as prevailing and dominated by and through 28 U.S.C. §1339, "Postal matter" 39 U.S.C. § 410 and since it is *not* about any question of "most proper *original* jurisdiction" within the context of comity and federalism, as undoubtedly "District Court" is the appropriate jurisdiction. Establishing, there is no basis, need, or cause for inclusion of original state court pleadings within the filing package for this removal to the United States District Court, nor any need for inclusion of the entire state court the state court issued wholly unconstitutional orders violating both rights and due process repeatedly. Further, these issues are addressed by pertinent motion for relief by and through this Petition of removal.

## INCORPORATION OF PRIOR PLEADINGS IN STATE COURT

¶12. Regardless, Petitioner incorporates fully by reference all pleadings, papers, and effects heretofore filed or otherwise lodged in the state proceedings the same as if set forth herein, albeit, Petitioner would inform the Court that the State Court filings are in excess of hundred of pages, would create additional hardship, burden, injury and harm if the requirement to produce the record to this Honorable Court where enforced.

¶13. While the Petitioner upon filing a writ of prohibition with the Illinois Supreme Court was wholly granted the waiver of financial inability, Boone County Circuit Court has repeatedly denied a waiver request to enable the Petitioner to obtain, and acquire relevant documents and court proceedings, although pro-se. Additionally Petitioner's repeated freedom of information and public records request have been denied and violated. Petitioner has not yet been afforded the right to obtain relevant documents regarding the case, police reports....etc for enable in case and defense.

## RECORD OF STATE PROCEEDINGS

¶14. Plaintiff is now proceeding on the basis of the presumption that the Illinois state Boone County court records will be made available to this Honorable Court upon Notice and Demand for Mandatory Judicial Notice, pursuant to Rules 201 "judicial notice" and 902"evidence self authenticating" of the Federal Rules of Evidence, U.S. Constitution, and notwithstanding 28 U.S.C. § 1449 "state court record supplied" as Petitioners due process rights as an indigent person has been violated, when the request for waiver of the circuit court records was repeatedly unsuccessful, in the court denying the petition(s).

¶15. Britt v North Carolina, 404 U.S. 226, 92 S. Ct. 431, 30 L.Ed.2d 400 (1971) the State must provide an indigent defendant with a transcript of prior proceedings, "such as a mistrial" when that transcript is needed for an effective defense or appeal.

¶16. Griffin v Illinois, 351 U.S. 12, 14 (1956) while Griffin assumes for purposes of decision that errors were committed in the trial which would merit reversal, the petitioner could not get appellate review of the errors solely based on being too poor to buy a stenographic transcript. The United States Supreme Court held that a criminal defendant may not be denied the right to appeal by inability to pay for a trial transcript. Under a separate Illinois law, indigent defendants could obtain a free transcript to obtain appellate review of constitutional questions. Including but not limited to (735 ILCS 5/5-105) is unconstitution as incorporating civil case. (705 ILCS 75/3) Sec. 3. Upon order of the court, the official court reporter shall transcribe and furnish an original and a copy or copies of the pre-trial proceedings and the proceedings at the trial of any person where, pursuant to Rule 607 of the Illinois Supreme Court, an order could be entered so requiring, if the defendant is convicted. (Source: P.A. 90-505, eff. 8-19-97.) this is for convictions. Defendant Richard Wigginton has requested the transcript and provided

to this Court the State approved forms, and subsequently filed the Boone County

forms with proof of financial inability. The need for the transcripts transcend beyond

the perception of Judge Swift in that it would be used for some maleficent or nefarious

intention is inappropriate. Defendant explicitly demonstrated the need for the transcripts.

The Courts consistent demand to violate due process and equal protection clauses and the

Fourteenth Amendment solely on the premise of poverty, demonstrates there can be no

equal justice where it depends on the amount of money one has. What more significant

the Petitioner has repeatedly had Constitutional rights violated, these very acts are

unconstitutional, the status vague, not explicit in termonolgy, definations or understanding

## INCORPORATION OF PRIOR PLEADINGS

¶17.    Plaintiff hereby incorporates by reference all pleadings, papers, and effects

heretofore filed or otherwise lodged within the state proceedings the same as if fully set

forth herein.

## PROHIBITED REMOVALS OF STATE COURT CASES

¶18.    Petitioner notes for the Court's and parties' convenience that 28 USC § 1443

provides for the removal of *any* type of state court case for violation(s) of equal civil

rights, with the sole exceptions being *only* the following four (4) types of circumstances,

pursuant to 28 USC § 1445: a) a civil action against a railroad or its receivers or trustees

that arises under certain laws; b) a civil action against a carrier or its receivers or trustees

that arises under certain laws; c) a civil action arising under the workmen's compensation

laws; and, d) a civil action arising under section 40302 of the Violence Against Women

Act of 1994.

¶19.    Accordingly, since none of the matters herein has anything even remotely to do

with any of the four exceptions, the instant state court matters are all perfectly proper

causes for removal. Overview of State Actor + third party violations of federal rights.

¶20.    Within the instant state court proceedings of County never-ending, Petitioner has

been, and is still being, affirmatively denied basic constitutional and due process rights to

at least: (A) equal protection of the laws; (B) freedom from discrimination; bias and

prejudice (C) fair and competent tribunals; (D) reasonable notice and opportunity to be

heard; (E) fair and lawful use in civil prosecution and defense of relevant and material

evidence and of applicable statutory, rule, and case law authorities; also (F) liberty and

property protections; (G) violations: Freedon of Information Act request, (H) etc....

¶21.    In short, the Boone County court system may either already be, or has become,

a fully wanton criminal enterprise with the officers and professionals in daily power thereof

absolutely and manifestly abusing process, law, litigants, and even incidental parties, in

egregious patterns and practices of rights violations, also using unlawful threats and other

false intimidation tactics, including willfully false deprivations of liberty rights to illegally

coerce, rampant and flagrant obstructions of justice, extortionate schemes for unjust

enrichment of their floozy and equally fraudulent leeches, outlandish and flagrantly

obvious bias and prejudice, gross class and racial discriminations, engaging in

repetitively-unlawful *ex parte* actions to obtain fraudulent orders *against* the law, and

etc., i.e., generally so much crime, committed so often, it shocks conscience.

¶22.    Petitioner does *not* seek this Honorable Court to issue any decrees regarding

state law matters, but instead *only* to enforce due process, equal and civil rights, true

constitutional rights, and other federal rights, statutory, regulations and otherwise.

¶23.    Petitioner has been harassed by the Boone County courts and the related

8

court administration systems, also repeatedly violating his most basic due process rights, by willfully, knowingly and intentionally conspiring in various commissions of criminal acts and behaviors, all shockingly done in an intentional conspiracy to aid and abet, inclduing but not limited to refusal and conspiring to denial of records "police reports" recording, "public records" and case information.

¶24.    Indeed, upon belief and information, Petitioner has quite sufficient cause and grounds to also consider the demanding of various official investigations into patterns and practices of any widespread, systemic violations of basic federal rights and due process by Boone Ct court systems, violations of Constitutional rights, racial discriminations, etc…

¶25.    The due process violations give appropriate grounds for relief as the court has done in the following cases: A judgment is void if it is not consistent with Due Process of law. *Orner v Shala, 30 F.3d 1307, 1308 (1994)*; *V.T.A, Inc V Airco, INC, 597 F.2d 220, 221(1979)*. A judgment reached without due process of law is without jurisdiction and thus void. *Bass v. Hoagland, 172 F.2d 205, 209 (1949)*. Any motion for relief from a void judgment is timely regardless of when its filed. *V.T.A, inc. v Airco, Inc. supra@224*.

¶26.    Perhaps the most important of the special federal question is jurisdictional statutes. Conferring jurisdiction on federal district courts to hear challenging subject matter as Constitutional question matters. The Petitioner presents with statuary, legitimate, and legal constitutional questions of subject matter in that violations of his First Amendment, Fourth Amendment, Fifth Amendment, Ninth Amendment, and Fourteenth Amendment Lack of jurisdiction over subject matter may be raised at any time *(Hill Top Developers v Holiday Pines Service Corp. 478 So. 2d 368(Fla 2nd DCA 1985)*. There is no discretion to ignore that lack of jurisdiction*(Joyce v US 474 F2d 215)*. As in *Hagans v Lavine*

9

*415 U.S. 533* proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings. If it (jurisdiction) doesn't exist, it cannot justify conviction or judgment... without which power (jurisdiction) the State cannot be said to be "Sovereign" At best, to proceed would be in "excess" of jurisdiction which is as well fatal to the State's/USA cause. *(Broom v Douglas 75 Ala. 268, 75 So 860)* the same being jurisdictional facts fatal to the Government cause (*e.g. see In re FNB 152 F. (64)*. The law provides that once state and federal jurisdiction has been challenged, it must be proven. *(Main v Thiboutot 100 S. Ct 2502(1980),* cannot be assumed and must be decided (*Basso v Utah Power and light Co. 495 F. 2d 906, 910)*. Courts can hear only those cases that they have the power to hear, which is given to them by legislators and the constitution. Now and then, a court oversteps its bounds and hears a case it has no right to hear. For example, federal courts can try cases that arise on federal property, but not state property. While federal courts cannot try a case on state statue, it may and often does use the gap filing of the assilimative crimes act, whtin which to do so. The same cannot be said for the State, meaning the state can not fill gaps with the federal statues or regulation, thus when alleged crimes occue on Postal Property the District Court maintains full jurisdiction to adjudicate and determine the elements of the case.

¶27.    18 U.S.C. comports with Article I, Section 8, Clause 17, of the Federal Constitution the United States acquired exclusive jurisdiction. provides that Congress shall have power "to exercise exclusive legislation" over "all places purchased by the consent of the legislature of the State in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings." "Exclusive legislation" is consistent only with exclusive jurisdiction. *Surplus Trading Co.* v. *Cook, 281 U.S. 647.* Clause 17

governs those cases where the United States acquires lands with the consent of the legislature of the State for the purposes there described. If lands are otherwise acquired, and jurisdiction is ceded by the State to the United States, the terms of the cession, to the extent that they may lawfully be prescribed, that is, consistently with the carrying out of the purpose of the acquisition, determine the extent of the federal jurisdiction. *Fort Leavenworth R. Co.* v. *Lowe,* 114 U.S. 527, 538, 539; *Palmer* v. *Barrett,* 162 U.S. 399, 402, 403; *Arlington Hotel Co.* v. *Fant,* 278 U.S. 439, 451; *United States* v. *Unzeuta,* 281 U.S. 138, 142.

¶28.    In *Sharon* v. *Hill,* 24 Fed. 726, 730, 731, Justice Field (sitting with Judge Sawyer) considered the provision to be applicable to a court building and custom house on land which had been purchased with the consent of the State. In *Battle* v. *United States,* 209 U.S. 36, 37, we held that "post offices are among the `other needful *143 buildings'" within Clause 17. See, also, *United States* v. *Wurtzbarger,* 276 Fed. 753, 755; *Arlington Hotel* v. *Fant, supra.* Locks and dams for the improvement of navigation, which are as clearly within the federal authority as post offices, have been regarded as "needful buildings." *United States* v. *Tucker,* 122 Fed. 518, 522. We take that view. We construe the phrase "other needful buildings" as embracing whatever structures are found to be necessary in the performance of the functions of the Federal Government.

¶29.    Under Department of Justice *title 9-66.100,*the duty to protect federal property now resides with the Secretary of Homeland Security. *See 40 U.S.C. § 1315.* In order to fulfill this responsibility, the Secretary is authorized to enforce the Rules and Regulations Governing conduct on Federal Property. *See 40 U.S.C. § 1315.* DHS 2018 memorandum The Rules and Regulations Governing Conduct on Federal Property can be found in *Title*

11

*41 of the Code of Federal Regulations; 102-74.420.*

¶30.    Under *9-66.010* Protection of Government Property: A number of distinct agencies possess jurisdiction to investigate crimes against government property, it is impossible to provide any simple rules which in all cases define investigative responsibility. In some cases the jurisdiction of these competing agencies is set by statute.(i.e. USPS).

¶31.    *28 U.S.C. § 533; 28 C.F.R. § 0.85.* A number of other agencies, however, possess investigative jurisdiction over crimes involving specific federal properties. Some of the most significant of these agencies are described below: (D) The United States Postal Service has jurisdiction to investigate postal offenses. *See 39 U.S.C. § 404(a)(7).* Enforcement. (1) Members of the U.S. Postal Service security force shall exercise the powers provided by *18 U.S.C. §3061(c)(2)* and shall be responsible for enforcing the regulations in this section in a manner that will protect Postal Service property and persons thereon. (2) Local postmasters and installation heads may, pursuant to *40 U.S.C. 1315* and with the approval of the chief postal inspector or his designee, enter into agreements with State and local enforcement agencies to insure that these rules and regulations are enforced in a manner that will protect Postal Service property. (3) Postal Inspectors, Office of Inspector General Criminal Investigators, and other persons designated by the Chief Postal Inspector may likewise enforce regulations in this section. The United States Postal Service (USPIS) has jurisdiction to investigate postal offenses. *See 39 U.S.C. § 404(a)(7).* Crimes involving postal service property and personnel are investigated by law enforcement officers from the Postal Service. The United States Postal Sevice (U.S.P.S.).is defined by statute as an "independent establishment" of the federal government. That being said the alleged victims/witnesses to which the state

12

potrays in the information are Federal United States Postal Service employees, as such governed by and through only the U.S.C. and C.F.R.

¶32.    Petitioner states that some of the Respondents have acted under color of state law deprived and violated his First Amendment, Due Process rights, and other federal rights. *West v. Atkins, 487 U.S. 42,48 (1988)* (citing *Parratt v. Taylor, 451 U.S. 527, 535 (1981)*; *Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)*). "The Supreme Court has defined 'acting under color of law' as acting with power possessed by virtue of the defendant's employment with the state." Edwards *v. Wallace Cnzty. Coll., 49 F.3d 1517, 1522-23 (11th Cir. 1995) (citation omitted)*. That being said Petition emphasizes "only the federal court has the jurisdiction to adjudicate and preside over matters regarding color of law"

## RESERVATION OF RIGHTS

¶33.    Plaintiff hereby explicitly reserves his fundamental Right to amend this and all subsequent pleadings, should future events and/or discoveries prove that he has failed adequately to comprehend the full extent of the damages which he has suffered at the hands of the Respondent, the state court, and other involved parties, both named and unnamed, now and at all times in the future.

¶34.    Petitioner specifically complains on matters which go to related federal questions, such as federal criminal jurisdiction within the several States of the Union, and the denial or the inability to enforce, in the courts of a State, one or more rights under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof, to-wit: Plaintiff complains of various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution, by the

13

Constitution of the State of Illinois, and by federal regulation and law.

## PETITIONERS PRESERVATION and RESERVATION OF ARGUMENTS

¶35.    Notwithstanding warrant for removal and the ground set fourth herein, Petitioner

notices for the purpose of preservation and/or reservation of the following claims

presented and part of the circuit court record, inclduing but not limited to:

¶36.    Motion to dismiss pursuant to federal jurisdiction and preemption of federal

regulation and statutes pursuant to a specified federal property.

¶37.    Ill. Sup. Ct. R. 308 as applicable for certified question was brought before this

court in a Motion by the Defendant request the Court to take judicial notice of the

certified questions "federal jurisdictional questions". A court may go beyond the limits of a

certified question in the interest of judicial economy. Dowd & Dowd, 181 Ill. 2d @ 472

(1998). Boone County wilfully neglected regarding the ability to utilize the judicial system

in a appropriate and effective manner.

¶38.    Plaintiff Under Ill. Sup. Ct. R. 19 claims of  unconstitutional ILCS status, in

contradiction to the United States Constitution and the Federal preemption of Federal

laws that prohibit the State of Illinois by and through Boone County State attorney to

proceed with the pending cause, Petitioner did notify all parties prior as required.

¶39.    Correcting common law records under Illinois Supreme court rule 329. Boone

County has wilfully and negligently denied Petitioner the ability to have a accurrate

records, including orders that have been onesided and discriminatory.

¶40.    The Court disallowed the due process of a full evidentiary hearing in First, Fourth,

Fifth and Fourteenth Amendments. Petitioner was deprived of the sixth amendment

constitutional guarantees in *Whorton v. Bockting* to cross-examine.

14

## FACTS AND ARGUMENTS OF THE CASE

¶41.  **Plaintiff** repeats and re-alleges paragraphs ¶1-40 through as it fully set fourth in this paragraph.

¶42.  On or about May 18th, 2021, Plaintiff along with wife and minor daughter arrived at the publicly accessible United States Post Office(USPS) facility located at 1800 Doc Wolf Road Belvidere, Illinois 61008 which is opened and accessible 24/7 hours/days. Plaintiff arrived during open business hours to commerce and conduct business. The Plaintiff has a Post Office Box contract there with said business.

¶43.  Plaintiff entered twice into the establishment, when a situation so required to request to redress grievances, including Federal employee conduct and violation of Constitutional rights.  When Plaintiff entered the facility a second time, Plaintiff engaged in Constitutionally protected activities of freedom of speech, freedom of press, and freedom of expression, as defined under the United States Constitution, and State of Illinois Constitution, the Department of Homeland Security guidance DHS 2018 memo, 39 U.S.C. and 39 C.F.R. 232.1 respectfully and all applicably statues, rules, regulations and otherwise. To document a newsworthy story regarding USPS federal government employees, and to verify the post office rules, regulation and policies.

¶44.  Plaintiff was knowingly and openly recording with a cell phone to document USPS employees conduct and services and to teach, and educate- his home schooled daughter on constitutional matters and public employees to wit, postal regulations, regarding photographing in public areas, and the publics right to document the said performance and activities of the USPS employees. Including conduct and services as Federal public employees and civil workers, according to CFR and USC Federal Code,

15

and under the U.S. Constitution and to disseminate the information to the general public.

¶45.    In doing so as to disseminate and make available to the people for viewing as to observe the actions of government and public employees in official capacities demonstrating activities for accountability and transparency .

¶46.    Plaintiff at one point was with his minor daughter when notified by an unidentified (now known as Kaila Osborne) individual that the police had been called, because he was not allowed to record in the establishment, to which Plaintiff contested. Upon the police being called Plaintiff decided to remain until police arrived to sort out the facts, and continue his business.

¶47.    The call to local police dispatch for assistance, as evidenced reasonably demonstrates officer Brox (# 404)who was the arresting officer and first to arrive on the scene was racially motivated and proceeded to profile and target Plaintiff based on the very fact of Plaintiff's ethnic appearance that of Hispanic that to which escalated officer Brox to enter the post office lobby very heated, without probable cause or legal authority, and without any identifying or investigative process through the foyer in and aggressive, provoking, intimidating and insulting manner, and thus as a whole only gives substance of Brox being racially motivated and thereby violating the Plaintiffs constitutional right protected under 1st, 4th, 6th, 9th, and 14th, Amendments.

¶48.    Brox "ordered" Plaintiff to get out of the "business" multiple times in a matter of only seconds. Brox did not identify herself or any individual initially at the scene, and failed to conduct an investigation on any level. However, Brox proceeded to immediately trespass Plaintiff of her own authority under color of law. Brox then moved to conspire and procure a solicitation of trespass from the unidentified masked woman (now known

as Kaila Osborne) repeatedly, in order to remove Plaintiff from the "business" without probable cause or legal justification, and to impede upon his constitutional right to record in public moreover on USPS federal property.

¶49.    Brox did not address or identify the Plaintiff's daughter who was with him in the establishment. Brox and individual then in concert conspired to initiate an unlawful trespass in order to impede on Plaintiff's right to record in public. Plaintiff submitted to the unlawful request and proceeded outside of the "business" as instructed, followed by his daughter in tail, at which junction Plaintiff requested Brox's name and badge number. Brox continued to escalate the situation in that she continued harassing Plaintiff outside, yelling unauthorized, and confusing orders at Plaintiff Notwithstanding Plaintiff's contention at one point grabbing and assaulting Plaintiff's arm without legal authority or justification other than to unlawfully remove him from public easement.

¶50.    Plaintiff's daughter alerted him that Brox was touching him to wit Plaintiff demanded that Brox refrain from touching him and proceeded to document the officers activities while attempting to secure their names and badge numbers at which junction Brox exhibited retaliation and displayed retribution by threatening to take Plaintiff to jail and while Plaintiff attempted to leave Brox, another officer and a detective used unnecessary, and excessive force to tackle him to the ground, and unlawfully seized his person in violation of Constitution rights, and arrested Plaintiff without "territorial' and " subject matter" jurisdiction, probable cause, or a warrant.

¶51.    The entire time the arresting officer Brox was on scene was under one (1) minute. Furthermore it was four (4)seconds, that's the time Belvidere police officer's Brox, Reese and Detective Berillo thought reasonable for Plaintiff to leave the property

17

after giving a final warning before tackling him to the ground.

¶52.  Plaintiff's minor daughter retrieved the phone and continued to witness and record the incident leading up to the Plaintiff's unlawful arrest, as protected under the First Amendment to the Constitution.

¶53.  Officer Brox signed a sworn complaint against Plaintiff alleging criminal trespass on Federal property, disorderly conduct of recording in public places and on Federal land and resisting arrest under ILCS. In violation of due process, Plaintiff did not receive proper bail/probable cause hearing

¶54.  The Boone County State attorney's office subsequently filed an information of charges, in so doing dismissing the original three charges and replacing with three counts of disorderly, two counts of trespassing and three counts of resisting totaling eight counts, all under ILCS. In violation of due process, Plaintiff did not receive proper probable cause hearing. Notwithstanding that the incident was at the USPS located at 1800 Doc Wolf Drive Belvidere Illinois 61008, that was acquired through a purchase, resulting in a needful building being constructed for public use. This property is completely under the Federal, exclusive and legislated jurisdiction of the United States.

¶55.  Plaintiff filed a Motion to dismiss with subsequent filings relating to "territorial" jurisdiction. The municipal Boone County Court "Judge" and State Attorney's, have been in conflict regarding the jurisdictional matters. In that the Court is not in agreement with the State and the position of jurisdictional status, and even if the court agrees with the State the Court has substantially different findings as to jurisdiction. Additionally the Plaintiff has argued a separate jurisdictional status, that being said, it is more than obvious and necessary due to the very nature of the conflict of "Federal Preemption and

18

jurisdiction" that the Plaintiff files this complaint and to which the matters result from.
Rights.

## COUNT AND COMPONANT #1 "Federal Preemption"

¶56.    Petitioner specifically complains on matters which go to related federal questions,

such as federal criminal jurisdiction within the several States of the Union, and the denial

or the inability to enforce, in the courts of a State, one or more rights under any law

providing for the equal rights of citizens of the United States, or of all persons within the

jurisdiction thereof, to-wit: Petitioner complains of various systematic and premeditated

deprivations of fundamental Rights guaranteed by the U.S. Constitution, by the

Constitution of the State of Illinois and by federal regulations and laws.

¶57.    Belvidere police department and its officers and agents, along with United States

Postal employees, together with the Boone County state prosecutors office: under the

color of law conspired to violate Plaintiff's civil, constitutional and due process rights.

¶58.    Belvidere officers conspired together with USPS employees, the Illinois state

attorney conspired with Belvidere police department, and with USPS to interfere with

Plaintiff's civil and constitutional rights as the acts of the local agencies were in concert

with government officials, as a factors used in entanglement, and thus each individual can

be held responsible for the requirement to comply with Plaintiff's constitutional rights. As

government/state employees there are exceptions to the state action doctrine such as in the

instance case of "entanglement," a form of "abuse of process," which is "the use of legal

process by illegal, malicious, or perverted means, *Soldal v. Cook County*. and in violation

of 42 U.S. Code § 1985 when parties conspire to violate the civil right of a of citizen, in

this case, Plaintiff's first amendment and the right of freedom speech, freedom of

19

expression, freedom of press and the right to redress the government *Griffin v. Breckenridge 403 U.S. 88 (1971)*.

¶59.    The Constitution's Supremacy Clause provides that federal law is "the supreme Law of the Land" notwithstanding any state law to the contrary. This language is the foundation for the doctrine of federal preemption, according to which federal law supersedes conflicting state laws. The fact that the State "Illinois" Boone County is prosecuting to bring charges in violation of Petitioner's First Amendment rights, affirmatively indicats the state has overstepped their judicial boundaries, jurisdiction regarding any types of these element are with the Federal District Court wholly and soley.

¶60.    The Constitution's Supremacy Clause provides that "the Laws of the United States ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." "U.S. Const. art. VI, cl. 2"   This language is the foundation for the doctrine of federal preemption, according to which federal law supersedes conflicting state laws.

¶61.    Federal preemption connects many of the subjects that recur throughout the courts as such broad federal preemption often cite the benefits of uniform national regulations, this would include not only the United State Code "USC' but the Codified Federal Regulations "CFR" as interrupted the US as a whole County is obligated under the authority of any and all such codes and regulations

¶62.    Multiplicity of government actors below the federal level virtually ensures that, in the absence of federal preemption, businesses with national operations that serve national markets will be subject to complicated, overlapping, and sometimes even conflicting legal regimes. The United States Postal Service is one of those specifically

20

identified, exclusively, independent, executive branches of the federal government and

legislated by Congress and the U.S.P.S. Board of governors. There is no municipality,

county or state that can legislate U.S.P.S. thas is whooly and soley with Congress.

¶63.    Federal preemption includes the concentration of expertise in/of federal agencies

"In many cases, Congress's adoption of a preemptive scheme . . . ensures that the legal

rules governing complex areas of the economy or products are formulated by expert

regulators with a broad national perspective and needed scientific or technical expertise,

rather than by decision makers—such as municipal officials, elected state judges, and lay

juries who may have a far more parochial perspective and limited set of information

Expert federal Judges, Magistrates,  regulators, intimately familiar with the products

and industries they regulate, are arguably far better suited [than state courts and juries] .

to ascertain the degree of federal uniformity.

¶64.    The Supreme Court has repeatedly explained that in determining whether

(and to what extent) federal law preempts state law, the purpose of Congress is the

"ultimate touchstone" of its statutory analysis.

¶65.    This case present a complexity of preemption elements, as Court's preemption

decisions often involve disputes over the appropriateness of consulting extra-textual

evidence to determine Congress's intent. The Court "routinely invalidates state laws

based on perceived conflicts with broad federal policy objectives, legislative history,

regulations or generalized notions of congressional purpose.

¶66.    Federal law preempts the City of Belvidere, Boone County State Attorney's

information of charges and the State of Illinois from proceeding in the above and

captioned case pursuant to and under any and all applicable Federal statues, laws,

21

and regulations including but not limited to 39 U.S.C. 401, "Postal Service" as to

territorial, 39 C.F.R. "Postal Service" 232.1, as to subject matter, Treasury Act,

Postal Service (39 USC §410 and 39 CFR §201), General Government Appropriations

Act §610, Article I, §8, cl.17 of the Constitution, the Postal Clause Article I, §8, cl. 7,

the necessary and property clause Article IV §3, cl. 2, and the applicability of conduct

on postal property under poster 7, and the Department of Homeland 2018 memo

operational readiness order HQ-ORO-002-2018.

¶67.    Pursuant to and under Ill. Sup. Ct. R. 19 in compliance with and for Purpose of

Notice, Plaintiff served all appropriate and corresponding agencies as identified.

¶68.    Plaintiff Under Ill. Sup. Ct. R. 19 claims of unconstitutional ILCS status, in

contradiction to the United States Constitution and the Federal preemption of Federal

laws that prohibit the State of Illinois by and through Boone County State attorney to

proceed with the pending cause of information filed against Plaintiff. Plaintiff has raised

the genuine issue of fact as to jurisdiction under all applicable federal citation including but

not limited to: 39 U.S.C. §410 "territory" and 39 C.F.R.§232.1 "subject matter" under

Postal Services, in so doing had moved on a Motion to dismiss among others elements for

lack of jurisdiction.

¶69.    The City of Belvidere and the County of Boone have no legislative authority, no

legal powers and no jurisdiction within which to charge or prosecute for alleged crimes on

Federal land or property, within postal buildings on a parcel acquired, purchased and

owned by the United States Postal Service "USPS" and under the United State Postal

Inspections Service "USPIS" for law enforcement.

¶70.    Illinois legislation has not enacted, purposed or passed any laws under ILCS

22

pertaining to, regarding or relating the United States Postal Service and the property located at 1800 Doc Wolf Drive Belvidere, Illinois 61008 allowing or giving jurisdiction to the State of Illinois over Federal USPS (39 USC as to territory) or (39 CFR as to subject matter). In so doing federal laws and regulations preempts city, county and state statues as the USPS is an executive branch of the United State Federal Government, an independent agency, with exclusive jurisdiction.

¶71.    There are no intergovernmental agreements, Memorandum of understanding or any like contract, treaty, or otherwise established between the City of Belvidere, County of Boone of the State of Illinois to legislate or regulate as to United States Postal Service, land, or property.

¶72.    The United States has occupied the field of Postal Services under 39 U.S.C. for "territory" and 39 CFR "subject matter" since 1970 when the Postal Department became the United States Postal Service, leaving no room for concurrent legislation or regulation. The only provision available unless and otherwise provided for is by and through  an agreement or memorandum of understanding between the agencies, and in this incident neither the City of Belvidere, or the County of Boone have any such contract between law enforcement and the USPS/USPIS.

¶73.    The Supremacy clause of the United States Article VI, cl. 2 establishes that the Constitution, federal laws made pursuant to it, made under the authority, constitution the "supreme Law of the Land", and thus takes priority over any conflicting state laws. Providing that state courts are bound by and state constitution subordinate to, the supreme law. The Supremacy clause assumes and accepts the underlying priority and importance of federal authority, albeit only that authority is expressed in the constitution itself.

23

¶74.    Notwithstanding, and setting aside the Boone county courts, the police officers,

USPS employees and state attorney together conspired to violate Plaintiff's civil rights, 42

U.S. Code §1985, knowing that the police report, complaint and information had been

erroneously assumed and obtained by and through conspiracy, collusion, deception and

fraudulent practices and procedures.

¶75.    The state and courts conspired to violate Plaintiff's civil rights, 42 U.S. Code

§1985, by continuing their deceptive modus operandi by preventing Petitioner through

subversion of due process requirement of a full evidentiary hearing in *Santosky v. Kramer,*

*455 US 745 -Supreme Court 1982*, to present evidence of the fraudulent police reports

and claims are not only civil violation but criminal violations.

¶76.    Respondents perpetuate frivolous, vexatious litigation violating due process,

designed to harass, annoy and run excess fees; the case is ripe for relief in *SPOLTER v.*

*SUNTRUST BANK, Court of Appeals, 11th Circuit 2010.*

¶77.    Current case 2021-CM-81, Boone County Judge Swift has refused to adhere to

Plaintiffs due process rights. What is evidenced is Judge Swift by own statements:

verbalized in court proceedings and documented by petitioner in court filing is the

following declarations, assertions, and announcements "not verbatim" by Judge Swift.

> (a)    Whether we are even going to call it a federal property
>        (signifying the USPS property).
>
> (b)    Whether the property is exclusive jurisdiction is the $64,000
>        dollar question.

¶78.    In a recent decision from the US Court of Appeals for the Seventh Circuit;

McHenry County v Raoul, No. 21-3334 (7th Cir. 2022) stating The Supreme Court has

recognized "three different types of preemption—'conflict,' 'express,' and 'field.'" All

three, however work in the same way: Congress enacts a law that imposes restrictions or confers rights on private actors; a state law confers rights or imposes restrictions that conflict with the federal law; and therefore the federal law takes precedence and the state law is preempted." *Id.* In analyzing a preemption claim, "the purpose of Congress is the ultimate touchstone." *Wyeth v. Levine*, 555 U.S. 555, 565 (2009), quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996).

¶79.    States may not regulate conduct "in a field that Congress, acting within its proper authority, has deter-mined must be regulated by its exclusive governance." *Arizona v. United States*, 567 U.S. 387, 399 (2012). Accordingly, State law is preempted "when federal law occupies a 'field' of regulation 'so comprehensively that it has left no room for supplementary state legislation.'" *Murphy*, 138 S. Ct. at 1480, quoting *R.J. Reynolds Tobacco Co. v. Durham County*, 479 U.S. 130, 140 (1986).

¶80.    The federal government has occupied the field of USPS both as to properties and conduct on said property, thereby preempting State regulation. The argument, is supported in the text of the federal statutes on which the Plaintiff relies. By its terms, 39 U.S.C. and 39 C.F.R. 232.1 authorizes the USPS "to enter into a cooperative agreement (MOU) with another law enforcement agency (Emphasis added.) An "agreement" is of course an arrangement to which both parties have consented. thus contemplates discretionary and voluntary choices by States or local entities to assist the federal government with conduct on postal property, or not. It simply does not command that they do so. A provision that allows for policy decisions by USPS and localities as to the extent of their participation is about 180 degrees away from a command, let alone one that leaves "no room for supplementary state legislation." See *R.J. Reynolds Tobacco*, 479

U.S. at 140 . The State of Illinois has no authority, or power to legislate Postal Property.

¶81.    What is a matter of fact to this specific issue of concurrent jurisdiction and agreements between the USPS and local law enforcement, is that here Plaintiffs has proven, leaving no room for doubt that the USPS acquired through title and deed, purchased and owns the property located at 1800 Doc Wolf Drive since 1996 as such erected a needful building in 1997 under the Constitutional provision. (Article 1; legislative Branch; Section 8, enumerated powers; clause 17, enclave clause) There exist NO agreement, memorandum of understanding or any other document to that effect. Plaintiff procured this information directly from numerous source under the United States Freedom of Information Act and Public Records request

¶82.    Justice O'Conner opinioned Tafflin v. Levitt, 493 U.S. 455, 458 (1990), stated exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule". See generally 1 J. Kent, Commentaries on American Law *400; The Federalist No. 82 (A. Hamilton); F. Frankfurter & J. Landis, The Business of the Supreme Court 5-12 (1927); H. Friendly, Federal Jurisdiction: A General View 8-11 (1973). In considering the propriety of state-court jurisdiction over any particular federal claim, the Court begins with the presumption that state courts enjoy concurrent jurisdiction. Congress, however, may confine jurisdiction to the federal courts either explicitly or implicitly. Thus, the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests. 453 U. S., at 478 (citations omitted).

¶83.    Turing to another opinion of Justice O'Conner, Rehnquiest, White, Scalla and

26

Kennedy joined. In United States Supreme Court United States v. Kokinda (1990) No.

88-2031, a case that encompassed the USPS, in exclusive territory criminal charges in

Federal District in proper forum and subject matter, (conduct on postal property39 C.F.R.

§ 232.1) Constitutional question presented. In Kokinda 497 U.S. 720 (1990) Justice

O'Conner stated, postal property is Expressly dedicated to only one means of

communication; the posting of public notices on designated bulletin boards. See 39 C.F.R.

§232.1 (1989)"poster 7 Rules and Regulations governing conduct on Postal Property".

¶84.     Justice Brennan opinion, in which recognized "Postal Regulation" (39 C.F.R.

§232.1 -corresponding poster 7) provide, for example, that photographs, "for

news...purposes" may be taken, in entries, lobbies, foyers, corridors, or auditorium

¶85.     Justice Marshall, and Stevens There may be important differences between cases

in which citizens have a legal right to be present on government property and those in

which "citizens claim a right to enter government property for the particular purpose of

speaking." Laycock, Equal Access and Moments of Silence: The Equal Status of

Religious Speech by Private Speakers, 81 Nw.U.L.Rev. 1, 48 (1986), cited in Board

of Airport Commr's of Los Angeles v. Jews for Jesus, Inc., 482 U.S. 569, 573 (1987).

In the former class of cases -into which the instant case falls - the Court has recognized

that, when citizens are going about their business in a place they are entitled to be, they

are presumptively entitled to speak. See Jamison v. Texas, 318 U.S., at 416 ; see also

Post, supra, at 1717, 1765-1767, 1773-1775, 1781-1784.

¶86.     Certainly, the mere fact that postal operations are somehow implicated here

cannot give the Government greater license to silence citizens in a public forum. Cf. Rutan

v. Republican Party of Illinois, ante at 70-71, n. 4.

27

**WHEREFORE,** Plaintiff request this Court order an injunction to the Defendant's and finding of a federal preemption jurisdiction applies. The City of Belvidere, County of Boone, State attorney and the State of Illinois are without any jurisdiction to otherwise charge or prosecute for alleged crimes on postal property. Ruling that the USPS is exclusive territorial jurisdiction under 39 USC and exclusive jurisdiction under 39 CFR. 232.1 conduct on postal property as to subject matter, and opinion that matters involving the USPS are solely and exclusively to be arbitrated in the Federal District Court.

## COUNT AND COMPONANT #2 "Constitutional Challenges"

¶87.    Plaintiff repeats and re-alleges paragraphs ¶1-40 as it fully set fourth in this paragraph. Plaintiff's nature of the constitutional challenges apply to the following Illinois Complied Statute "ILCS". As are in direct conflict to the Defendant's rights under the United States Constitution Amendments. Including but not limited to the 1st Amendment, that prevents the government (in this instance the ILCS identified) from making laws that regulate or prohibit the free exercise, or abridge ones freedom of speech, the freedom of press, the freedom of assembly, freedom of expression, and the right to petition the government for redress of grievances, as incorporated under the Bill of Rights.

        A.      720 ILCS 5/21-3) (from Ch. 38, par. 21-3) Sec. 21-3. Criminal trespass to real property.(a) A person commits criminal trespass to real property when he or she: (1) knowingly and without lawful authority enters or remains within or on a building;

        B.      (720 ILCS 5/21-3) (from Ch. 38, par. 21-3) Sec. 21-3. Criminal trespass to real property. (a) A person commits criminal trespass to real property when he or she (3) remains upon the land of another, after receiving notice from the owner or occupant to depart

        C.      (720 ILCS 5/26-1) (from Ch. 38, par. 26-1) Sec. 26-1. Disorderly conduct. (a) A person commits disorderly

> conduct when he or she knowingly: (1) Does any act in
> such unreasonable manner as to alarm or disturb another
> and to provoke a breach of the peace;

¶88.    A-C herein identifies Under Ill. Sup. Ct. R. 19. Plaintiff filed a proper notice with

the Illinois Attorney General, Boone County State Attorney and City of Belvidere, and

with the clerk of the court Boone County for said case 2021-CM-81, identifying the

particular statutes, or other law, and briefly describe the nature of the constitutional or

preemption challenge.

¶89.    The "vagueness" doctrine, is readily apparent that abstention serves no legitimate

purpose where a statute regulating speech is properly attacked on its face, and where, as

here, the conduct charged in the information is not within the reach of an acceptable

limiting construction readily to be anticipated as the result of a single criminal prosecution

and is not the sort of "hard-core" conduct that would obviously be prohibited under any

construction. In these circumstances, to abstain is to subject those affected to the

uncertainties and vagaries of criminal prosecution, whereas the reasons for the vagueness

doctrine in the area of expression demand no less than freedom from prosecution prior to

a construction adequate to save the statute. In such cases, abstention is at war with the

purposes of the vagueness doctrine, which demands appropriate federal relief regardless

of the prospects for expeditious determination of state criminal prosecutions.

¶90.    Petitioner would maintain removal under 28 U.S.C. § 1441 and § 1331, because

(1) the claims are governed by federal common law not state common law, (2) the action

raises disputed and substantial issues of federal law that must be adjudicated in a federal

forum, (3) the city "Belvidere" and County "Boone" are completely preempted by federal

regulations and status including but not limited to 39 U.S.C. § 410, 39 C.F.R. § 232.1 and

other federal statues, (4) this court "federal" has original jurisdiction, (5) removal is authorized under the federal removal status including but not limited to 28 U.S.C. §1442 and §1443 and the U.S. Constitution, (6) this court "federal" has federal question jurisdiction under 28 U.S.C. §1331, because the city and county's claims are based on conduct on a federal enclave.

¶91.    It is without argument, in our constitutional scheme, "the States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). The States have "substantial sovereign authority" under this arrangement. *Gregory v. Ashcroft*, 501 U.S. 452, 457 (1991). This case concerns the limited boundaries of that authority as applied to municipalities and other political subdivisions created by State law. Plaintiff's case is exactly what the Supremacy Clause represents.

¶92.    That being said, Petitioner only need indicated with emphasis that the city "Belvidere" and county "Boone" are without jurisdiction, in so specifying and incorporating the state record as though it was hereby incorporates by reference all pleadings, papers, and effects heretofore filed or otherwise lodged within the state proceedings the same as if fully set forth herein. The United Stated Postal Property is exclusive Federal Property.

¶93.    In addition to the Constitutional challenges indicated, Petition would object to the validity of denying indigent persons waiverf of fees and the availability to obtain transcripts for proceedings to enable and aid in the defense of the case is unconstitutional.

¶94.    Finally, petitioner would argue that the policies and procedures of the Belvidere Police Department, together with the Boone County State Attorney's office whom

identifies Illinois complied statues to deny request for documentation and information regarding the case, (including but not limited to police reports) These status are unconstitutional and infringe upon the due procees rights and equal protection for all. This is moreso when individuals are representing as pro se. That being said Petitioner claims the unconstitutionality of any and all policies, procedures, ordaninances, statues or laws to this effect, and systemic practice and is cited as a legal challenge.

**WHEREFORE,** Plaintiff request this Court to declare that 720 ILCS 5/21-3 and 720 ILCS 5/26-1 unconstitutional as to specifically and related only to provisions under the United States Constitution and the Freedom attached to including but not limited to be free from retaliation due to race and ethnicity, the freedom of speech, and the freedom of expression, to peacefully assemble, freedom of the press for each person who gathers content for a newsworthy story, and to petition the government for a redress of grievances without fears of retaliation, retribution, discrimination, or violation and deprivation of rights. The ILCS should not be vague, overbroad or subjective to interpretation, as under the Constitutional criminal laws, the State statue need explicitly and definitely specify what conduct is punishable, otherwise the law is invalid because it is not sufficiently clear and void of vagueness.

## NOTICE OF PRO-SE RIGHTS

¶95.    Pro se pleadings are always to be construed liberally and expansively, affording them all opportunity in obtaining substance of justice, over technicality of form. *Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)*; *Picking v. Pennsylvania Railroad Co., 151 F.2d 240 (3rd Cir. 1945)*; *Jenkins v. McKeithen, 395 U.S. 411, 421 (1959)*; *Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)*; *Cruz v. B*

31

*ette, 405 U.S. 319, 322, 92 S.Ct.1079, 1081, 31 L.Ed.2d 263 (1972); Puckett v. Cox, 456 F. 2d 233 (6th Cir.1972).*105. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax or sentence construction, or a litigant's unfamiliarity with particular rule requirements. *Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996);* United *States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999);* and, etc., along with numerous similar rulings.

¶96. When interpreting pro se papers, this Court is required to use its own common sense to determine what relief that party either desires, or is otherwise entitled to. *S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992).* See also, *United States v. Miller, 197 F.3d 644, 648 (3rd Cir.1999)* (court has a special obligation to construe pro se litigants' pleadings liberally); *Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000);* and, etc. Indeed, the courts will even go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result. *U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996).* Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on ANY possible theory." (emphasis added) See, e.g., *Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975), Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974), Thomas W. Garland, Inc. v. City of St. Louis,*

*596 F.2d 784, 787 (8th Cir. 1979), Bowers v. Hardwick, 478 U.S. 186, 201-02, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11ᵗʰ Cir. 1997), O'Boyle v. Jiffy Lube International Inc., 866 F.2d 88 (3rd Cir. 1989).*

¶97.    Plaintiff has a federal question right to full and equal lawful treatment in a state court of law, and according to the various protections under not only the Illinois Constitution, but more importantly under those of the U.S. Constitution and federal law.

¶98.    Plaintiff has a federal question right of due process violations to remove the instant state proceedings, under 28 USC §§ 1441 and 1443, in order to be free from the denial of such equal civil rights and treatment established by the above allegations, and giving appropriate grounds for relief as the court has done in the following cases: A judgment is void if it is not consistent with Due Process of law. *Orner v Shala, 30 F.3d 1307, 1308 (1994); V.T.A, ic V Airco, INC,597 F.2d 220, 221 (1979).* A judgment reached without due process of law is without jurisdiction and thus void. *Bass v. Hoagland, 172 F.2d 205, 209 (1949).* Any motion for relief from a void judgment is timely regardless of when it is filed. *V.T.A, inc. v Airco, Inc. supra @224.* If voidness of judgment is found then relief from judgment is also not discretionary and any order based upon that judgment is also void. *V.T.A., Inc V. Airco., 221; Venable v. Haislip, 721 F.2d 297, 298 (1983). Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), DEPT. OF HEALTH & REHAB. SERVICES v. Privette, 617 So. 2d 305* - Fla: Supreme Court 1993 Parental Rights, *Achumba v. Neustein, 793 So. 2d 1013* - Fla: Dist. Court of Appeals, 5ᵗʰ Dist. 2001.

¶99.    Plaintiff has a federal question right pursuant to 42 U.S.C. § 1983 to remove the

33

instant state proceedings, under 28 USC §§ 1441 and 1443, in order to be free from the denial of such equal civil rights and treatment established by the above allegations, where Defendants acting under color of state law deprived and violated Plaintiff's First Amendment, Due Process rights, and other federal rights. *West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)).* "The Supreme Court has defined 'acting under color of law' as acting with power possessed by virtue of the defendant's employment with the state." *Edwards v. Wallace Cnzty. Coll., 49 F.3d 1517, 1522-23 (11th Cir. 1995)* (citation omitted).

¶100.   Plaintiff has a federal question right pursuant to 42 U.S. Code § 1985 to remove the instant state proceedings, under 28 USC §§ 1441 and 1443, in order to be free from the denial of such equal civil rights and treatment established by the above allegations. Petitioner has a federal question right, under the protections of the Civil Rights Act of 1964, et seq., and as interpreted by the U.S. Supreme Court to *include* prohibitions against discrimination based on sex or gender, to now remove the instant state proceedings, under 28 USC §§ 1441 and 1443, in order to be free from the denial of such equal civil rights and treatment established by the above allegations. Plaintiff has a federal question right, under the protections of 42 USC §§ 3617 and 3631, which include prohibitions against discrimination based on sex or gender, to remove the instant state proceedings, under 28 USC §§ 1441 and 1443, in order to be free from the denial of such equal civil rights and treatment established by the above allegations

¶101.   The above numerous and various rights will, in fact, be consistently violated

34

if these proceedings were ever to be remanded back to said state court, and manifest injury would accrue upon not only this Plaintiff.

## NOTICE TO PARTIES

¶102.   Plaintiff now and hereby provides formal Notice of the above to all interested parties, of record or otherwise, within and surrounding the above-encaptioned state court proceedings, by notifying, providing, supplying, a copy of this petition.

## SUMMARY AND PRAYER

¶103.   Plaintiff reiterates that his request for removal to this Court is not just about a supported and reasonable *expectation* of the future manifest deprivation of his various civil rights within said state court, but also that such a deliberately unlawful pattern of the same is well established.

¶104.   Without the immediate intervention, and the exercise of full jurisdiction and authority by this Honorable Court in removing said lower state proceedings, the Plaintiff will be otherwise subjected to egregious denial and inability to enforce in said state court one or more rights under the laws providing for the equal rights of citizens of the United States and will be likewise unlawfully forced to suffer manifest and irreparable injuries therein, without reasonable remedy.

**WHEREFORE** undersigned Petitioner, Richard Wigginton now prays for retaining the removal of the instant state court proceedings into, and under, the jurisdiction of this United States District Court, at a minimum for appropriate declaratory and injunctive relief, and/or to further decide any supplementary matters, for appropriate judgments in Petitioner's favor, to ORDER the respondents to pay all costs, fees, and reasonable attorney expenses herein, and for all other relief that is true, just and proper within the

premises.

Respectfully submitted,

Richard Wigginton
Tel: (309) 716-5622
Email: mericaoncheck@yahoo.com
*Pro Se Petitioner Party of Record*
**VERIFICATION**


## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed this __18__ day of __October__, 2022.

Richard Wigginton

36

JAP

8/18/22  PAGE  1

```
2021CM000081D 001
PEOPLE                          BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A            PRO SE
----------------------------------------------------------------------------------------
                                                                        CHANGED USER
 ENTERED   USER JDG CR   TEXT
----------------------------------------------------------------------------------------
 5/19/2021 RSS       Complaint filed on 05/19/2021.                 Chg  5/26/2021 RSS

                     Ct 1-Resisting a Peace Officer - Class A       Chg  5/26/2021 RSS

                     Ct 2-Criminal Trespass to Real Property - Class B  Chg  5/26/2021 RSS

                     Ct 3-Disorderly Conduct - Class C              Chg  5/26/2021 RSS

                     First appearance set for 07/15/2021 at 8:30 in courtroom 2.  Chg  5/26/2021 RSS

                     Probable Cause Affidavit                       Chg  5/26/2021 RSS

                     Bail Bond/$100.00 Cash ($70.00 Cash Refused / Def)  Chg  5/26/2021 RSS

                     Bond of $70.00 posted  on 05/19/2021.          Chg  5/26/2021 RSS

                     First appearance reset to 07/20/2021 at 1:45 in courtroom 2.  Chg  5/26/2021 RSS

                     Notice of appearance mailed to WIGGINTON, RICHARD A.  Chg  5/26/2021 RSS

                       Due to COVID-19 concerns, Court orders cases cont to     RSS

                       w/NTI to all parties.                                    RSS

 7/08/2021 RSS       Subpoena Duces Tecum Issued to USPS Urssell A. Haile (copy)  Chg  7/13/2021 RSS

                     Subpoena Duces Tecum Issued to USPS Stephanie M. Johnson (copy)  Chg  7/13/2021 RSS

 7/20/2021 AMA  JHY ER  Def ps for first appearance. St by Babcox-Poole. Def is advised  7/21/2021 AMA

                       of chgs, rts & pps. St seeking more than just fines. Def files  7/21/2021 AMA

                       information instanter. Def is advised in open Court. On M/Def, Court  7/21/2021 AMA

                       orders case set for appearance on counsel and PTC on 08/24/21  7/21/2021 AMA

                       at 3:00 PM. All parties notified of date in Court.  7/21/2021 AMA

                     Information                                    7/21/2021 AMA

 7/21/2021 AMA       Appearance/counsel set for 08/24/2021 at 3:00 in courtroom 2.  AMA

                     Pre-trial set for 08/24/2021 at 3:00 in courtroom 2.  AMA

 8/23/2021 RSS       Defendant's Motion to Dismiss                  8/24/2021 RSS

                     Exhibit #A                                     8/24/2021 RSS

                     Exhibit #B                                     8/24/2021 RSS

                     Exhibit #C                                     8/24/2021 RSS

                     Exhibit #D                                     8/24/2021 RSS

                     Exhibit #E                                     8/24/2021 RSS

                     Exhibit #F                                     8/24/2021 RSS

                     Exhibit #G                                     8/24/2021 RSS

                     Exhibit #H                                     8/24/2021 RSS

                     Exhibit #I                                     8/24/2021 RSS

                     Exhibit #J                                     8/24/2021 RSS
```

8/18/22   PAGE    2                                                              JAP

2021CM000081D 001
PEOPLE                              BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A                PRO SE
-------------------------------------------------------------------------------------------------
ENTERED   USER JDG CR   TEXT                                          CHANGED USER
-------------------------------------------------------------------------------------------------
                        Exhibit #K                                    8/24/2021 RSS

                        Exhibit #L                                    8/24/2021 RSS

                        Exhibit #M                                    8/24/2021 RSS

                        Exhibit #N                                    8/24/2021 RSS

                        Exhibit #O                                    8/24/2021 RSS

8/24/2021 RWM           Attorney Appearance- ProSe                              RWM

                        Counsel PRO SE entered for defendant/respondent WIGGINTON, RICHARD A.   RWM

8/24/2021 AMA  JHY ER   Def ps for PTC. St by Babcox-Poole (VC). Def present pro-se after  Chg  8/25/2021 AMA

                        having been admonished about the nature of the alleged offenses,   Chg  8/25/2021 AMA

                        the maximum and minimum penalties and his right to an attorney     Chg  8/25/2021 AMA

                        Def knowingly and voluntarily waives counsel. Court gives at until  Chg  8/25/2021 AMA

                        10/12/21 to reply to Def motion to dismiss and Def as until 11/2/21  Chg  8/25/2021 AMA

                        to reply to St's response. Argument on Def's motion to dismiss      Chg  8/25/2021 AMA

                        shall be heard on 11/16/21 at 1:30 PM. All parties notified of      Chg  8/25/2021 AMA

                        all date in Court. Clerk to mail order to Def.                      Chg  8/25/2021 AMA

8/25/2021 AMA           Argument set for 11/16/2021 at 1:30 in courtroom 2.                       AMA

8/25/2021      JHY ER   ORDER                                                                     AMA

10/12/2021 KRI          Notice of Filing and Proof of Service                          10/13/2021 KRI

                        State's Answer to Defendant's Motion to Dismiss                10/13/2021 KRI

10/15/2021 AMA          Proof of Service                                                          AMA

                        State's Disclosure Pursuant to People                                    AMA

           RSS          Subpoena/Subpoena Duces Tecum Issued to City of Belvidere (copy)          RSS

                        Subpoena/Subpoena Duces Tecum Issued to Belvidere Police Dept. (copy)     RSS

10/22/2021 KAE          Notice and Proof of Service                                     10/25/2021 KAE

                        Motion to Quash Subpoena Duces Tecum                           10/25/2021 KAE

10/25/2021 KAE          Motion hearing set for 11/16/2021 at 1:30 in courtroom 2.                 KAE

11/02/2021 DAR          Defendant's Reply to State's Answer on Motion to Dismiss                  DAR

                        Proof of Delivery                                                        DAR

                        Exhibits, Attachments and Discovery                                      DAR

                        Exhibit #A                                                               DAR

                        Exhibit #B                                                               DAR

                        Exhibit #C                                                               DAR

                        Exhibit #D                                                               DAR

8/18/22   PAGE    3                                                                      JAP

2021CM000081D 001
PEOPLE                                    BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A                      PRO SE
-------------------------------------------------------------------------------------------------
ENTERED   USER JDG CR   TEXT                                                    CHANGED USER
-------------------------------------------------------------------------------------------------

| ENTERED | USER | JDG | CR | TEXT | CHANGED | USER |
|---|---|---|---|---|---|---|
| | | | | Exhibit #E | | DAR |
| | | | | Exhibit #F | | DAR |
| | | | | Exhibit #G | | DAR |
| | | | | Exhibit #H | | DAR |
| | | | | Exhibit #I | | DAR |
| | | | | Exhibit #J | | DAR |
| | | | | Exhibit #K | | DAR |
| | | | | Exhibit #L | | DAR |
| | | | | Exhibit #M | | DAR |
| | | | | Exhibit #N | | DAR |
| | | | | Exhibit #O | | DAR |
| | | | | Exhibit #P | | DAR |
| | | | | Exhibit #Q | | DAR |
| | | | | Exhibit #R | | DAR |
| | | | | Exhibit #S | | DAR |
| | | | | Exhibit #T | | DAR |
| | | | | Exhibit #U | | DAR |
| 11/15/2021 | DSV | | | Defendant's Supplement to Motion to Dismiss Reply | | DSV |
| | | | | Notification of Motion to Dismiss Hearing Defendant Participation | | DSV |
| | | | | Response to States Motion to Quash Subpoena Duces Tecum | | DSV |
| 11/16/2021 | AMA | JHY | ER | Def ps (VC) for motion hearing. Atty Drella ps. Atty Sierens ps. | 11/17/2021 | AMA |
| | | | | Atty Babcox-Poole ps. Court orders case continued for arguments | 11/17/2021 | AMA |
| | | | | on Def's motion on 11/23/21 at 3:30 PM. St is given until 11/19/21 | 11/17/2021 | AMA |
| | | | | to respond to Def's motion. All parties notified of date in Court. | 11/17/2021 | AMA |
| 11/17/2021 | AMA | | | Motion hearing set for 11/23/2021 at 3:30 in courtroom 2. | | AMA |
| | | | | Argument set for 11/23/2021 at 3:30 in courtroom 2. | | AMA |
| 11/18/2021 | BAW | | | Notice of Proof of Service | | BAW |
| | | | | Joint Reply to Defendant's Response to State's Motion to Quash | | BAW |
| | | | | Subpoena Duces Tecum | | BAW |
| 11/19/2021 | RSS | | | Defendant Supplement to Motion/Answer to Motion to Dismiss | | RSS |
| 11/23/2021 | AMA | JHY | ER | Def ps (VC) for motion hearing. Atty Drella ps. St by Sierens. | 11/29/2021 | AMA |
| | | | | Arguments heard by all parties. Court orders motion to quash | 11/29/2021 | AMA |
| | | | | subpoena dues term (as to both subpoenas issued by the Def) is heard | 11/29/2021 | AMA |

8/18/22   PAGE    4                                        JAP

2021CM000081D 001
PEOPLE                          BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A            PRO SE
------------------------------------------------------------------------------------------
 ENTERED   USER JDG CR   TEXT                                            CHANGED USER
------------------------------------------------------------------------------------------
                      and granted in it's entirely. Def may issue a subpoena deuces    11/29/2021 AMA
                      Tecum to the Belvidere Police Department for arrest on May 18, 2021.  11/29/2021 AMA
                      Court orders subpoena shall be returnable to the Court, w/ a 3 week   11/29/2021 AMA
                      return date 12/14/21 or 1/11/22. Court orders case set for Decision   11/29/2021 AMA
                      to dismiss on 12/07/21 at 4:00 PM. All parties notified of date       11/29/2021 AMA
                      in Court.                                                             11/29/2021 AMA
                      ORDER                                                                 11/29/2021 AMA
11/29/2021 AMA        Decision set for 12/07/2021 at 4:00 in courtroom 2.                   AMA
12/06/2021 AMA        MEMORANDUM OF DECISION AND ORDER                                      AMA
12/07/2021 AMA JHY ER Def ps (VC) for decision. St by Babcox-Poole (VC). On M/Def, Court    12/10/2021 AMA
                      orders case set for status hearing on 01/18/22 at 3:45 PM. All        12/10/2021 AMA
                      parties notified of date in Court.                                    12/10/2021 AMA
12/10/2021 AMA        Status hearing set for 01/18/2022 at 3:45 in courtroom 2.             AMA
1/03/2022 DAR         Motion and Petition for Clarification/Proof of Service                DAR
1/18/2022 AMA RAS ER  Def ps (VC) for status hearing. St by Babcox-Poole (VC). On M/Def,    1/21/2022 AMA
                      Court orders case set for response and arguments on 02/10/22 at       1/21/2022 AMA
                      2:30 PM. St is given until 01/28/22 to file a response.              1/21/2022 AMA
1/21/2022 AMA         Status hearing set for 02/10/2022 at 2:30 in courtroom 2.             AMA
1/28/2022 HRA         Notice of Filing And Proof Of Service                           Chg  1/31/2022 HRA
                      State's Response To Defendant's Motion And Petition For Clarification Chg 1/31/2022 HRA
2/08/2022 BMS         Sent text reminder of 02/10/2022 hearing to WIGGINTON, RICHARD A at   BMS
                      02/08/2022@3:45 PM.                                                   BMS
2/09/2022 RWM         Defendant's Reply To The States Response To Defendant Motion And      RWM
                      Petition For Clarification                                            RWM
2/10/2022 AMA RAS ER  Def ps (VC) for status hearing. St by Babcox-Poole. On Def's motion   AMA
                      and petition for clarification, which the Court is considering a      AMA
                      Motion to Reconsider the denial of Def's Motion to Dismiss, the       AMA
                      Court denies the Def's Motion, finds that the Def's Motion to         AMA
                      Dismiss was properly denied for the reasons stated on the record.     AMA
                      On M/Def, Court orders case set for final PTC on 03/29/22 at          AMA
                      1:30 PM. All parties notified of date in Court.                       AMA
                      ORDER                                                                 AMA
2/10/2022             Final pre-trial set for 03/29/2022 at 1:30 in courtroom 2.            AMA

8/18/22    PAGE    5                                                    JAP

2021CM000081D 001
PEOPLE                              BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A                PRO SE
-----------------------------------------------------------------------------------------------------
ENTERED   USER JDG CR   TEXT                                              CHANGED USER
-----------------------------------------------------------------------------------------------------

| ENTERED | USER JDG CR | TEXT | | CHANGED USER |
|---|---|---|---|---|
| 2/25/2022 AMA | | Supplement Form (application for waiver of fees) | | 2/28/2022 AMA |
| 3/07/2022 AMA | | ORDER (mailed to Def) | | AMA |
| 3/09/2022 AMA | | Application for Waiver of Court Fees | | AMA |
| | | Amended Request for Waiver of Fees | | AMA |
| | | ORDER (mailed to Def) | | AMA |
| 3/14/2022 RWM | | Motion for Reconsideration from Judge Swift Decision 2/10/2022 and | | RWM |
| | | Motion to Reopen for Proofs "Defendant's Motion to | | RWM |
| | | Dismiss Jurisdiction" and Request for Oral Arguments | | RWM |
| | | Against the Courts Findings and Decision | | RWM |
| | | Motion/reconsider set for 03/29/2022 at 1:30 in courtroom 2. | | RWM |
| 3/21/2022 RSS | | Amended Motion for Reconsideration from Judge Swift Decision 2/10/20 | Chg | 3/22/2022 RSS |
| | | and Motion to Reopen for Proofs "Defendant's Motion | Chg | 3/22/2022 RSS |
| | | to Dismiss Jurisdiction" and Request for Oral | Chg | 3/22/2022 RSS |
| | | Arguments Against the Courts Findings and Decision | Chg | 3/22/2022 RSS |
| 3/29/2022 BMS  RAS ER | | Def ps by virtual court for M/Reconsider. St by Babcox-Poole. St | | 3/31/2022 BMS |
| | | intends to respond to Def's motion and file a protective order. St | | 3/31/2022 BMS |
| | | and Def given until 04/14/2022 to file any motions. Court orders | | 3/31/2022 BMS |
| | | case set for M/Reconsider on 05/12/2022 at 1:30 PM at which all | | 3/31/2022 BMS |
| | | parties must appear in person. All parties notified of date in | | 3/31/2022 BMS |
| | | court. | | 3/31/2022 BMS |
| 3/31/2022 BMS | | Motion/reconsider set for 05/12/2022 at 1:30 in courtroom 2. | | BMS |
| RSS | | Application for Waiver of Court Fees | | 4/01/2022 RSS |
| 4/01/2022 AMA | | Status hearing set for 04/19/2022 at 2:00 in courtroom 2. | | AMA |
| | | Per email from Judge Swift. Case is set for hearing on the | | AMA |
| | | application for wavier of Court fees on 04/19/22 at 2:00 PM. | | AMA |
| | | Clerk to send notice to Def. | | AMA |
| | | Notice of Appearance mailed to WIGGINTON, RICHARD A. | | AMA |
| 4/14/2022 KRI | | Notice of Filing and Proof of Service | | KRI |
| | | Motion for Protective Order for Records | | KRI |
| 4/18/2022 AMA | | Motion for Protective Order for Records- Revised | | AMA |
| 4/19/2022 AMA  RAS ER | | Def ps (VC) for status hearing. St by Babcox-Poole. On Def's | | 4/21/2022 AMA |
| | | application for waiver of transcript fee, Court H&D. Case remains | | 4/21/2022 AMA |
| | | set for motion to reconsider on 05/12/22 at 1:30 PM. Def is ordered | | 4/21/2022 AMA |

```
2021CM000081D 001
PEOPLE                                    BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A                      PRO SE
```

| ENTERED | USER | JDG | CR | TEXT | CHANGED | USER |
|---------|------|-----|-----|------|---------|------|
| | | | | to appear in person for next Court date. When allowed to appear | 4/21/2022 | AMA |
| | | | | via zoom, shall have his camera/video on. Def given notice of Court | 4/21/2022 | AMA |
| | | | | date. | 4/21/2022 | AMA |
| | | | | ORDER - Fee Waiver | 4/21/2022 | AMA |
| 4/21/2022 | AMA | RAS | 000 | ORDER - Zoom (camera/video) | | AMA |
| 4/21/2022 | | | | Notice of Appearance mailed to WIGGINTON, RICHARD A. | | AMA |
| 5/12/2022 | KRI | RAS | ER | Def ps for M/Reconsider. St by Babcox-Poole and Maville. Def's | | KRI |
| | | | | amended M/Reconsider is H&D. Def objs to St's M/Protective order. | | KRI |
| | | | | St's M/Protective order is H&G over Def's obj. Offer given to | | KRI |
| | | | | Def. Court orders case cont for Final Pre-trial on 6-14-22 at | | KRI |
| | | | | 1:45 PM. All parties notified of date in Court. | | KRI |
| | | | | ORDER | | KRI |
| 5/12/2022 | | | | Final pre-trial set for 06/14/2022 at 1:45 in courtroom 2. | | KRI |
| 5/16/2022 | JAP | | | Petition for Writ of Prohibition (Certified copy from IL Supreme Ct.) | | JAP |
| | | | | ORDER - Def's M/Stay Proceedings Allowed | | JAP |
| 5/25/2022 | JAP | | | SUPREME COURT ORDER - Petition's Leave to File Writ Petition Denied | 6/01/2022 | JAP |
| 5/31/2022 | JAP | | | SUPREME COURT ORDER - Petitioner's M/Supplement Record is Denied | 6/01/2022 | JAP |
| 6/07/2022 | JAP | | | Supreme Court Letter | | JAP |
| | | | | SUPREME COURT ORDER - Stay of Trial Court Proceedings Lifted | | JAP |
| 6/13/2022 | RWM | | | Motion To Dissolve, Or Otherwise Remove Injunction And Protection | | RWM |
| | | | | Order/Proof Of Delivery | | RWM |
| | | | | Motion To Vacate May 12,2022 Order/Proof Of Delivery | | RWM |
| | | | | Motion/vacate set for 06/14/2022 at 1:45 in courtroom 2. | | RWM |
| | | | | Motion hearing set for 06/14/2022 at 1:45 in courtroom 2. | | RWM |
| 6/14/2022 | AMA | RAS | ER | Def ps (VC) for final PTC. St by Maville. Court orders case | 6/15/2022 | AMA |
| | | | | set for motion hearing on 07/06/22 at 1:45 PM. All parties | 6/15/2022 | AMA |
| | | | | notified of date in Court. | 6/15/2022 | AMA |
| 6/15/2022 | AMA | | | Motion hearing set for 07/06/2022 at 1:45 in courtroom 2. | | AMA |
| 6/21/2022 | KRI | | | Subpoena issued to Officer K.C. Brox (copy) | | KRI |
| | | | | Subpoena issued to Officer Zachary Reese (copy) | | KRI |
| | | | | Subpoena issued to Detective Ethan Berillo (copy) | | KRI |
| | | | | Subpoena issued to Chief Shane Woody (copy) | | KRI |
| | | | | Subpoena issued to City Atty Michael Drella (copy) | | KRI |

8/18/22   PAGE    7                                                      JAP

2021CM000081D 001
PEOPLE                              BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A                PRO SE

| ENTERED | USER | JDG | CR | TEXT | CHANGED | USER |
|---|---|---|---|---|---|---|
| | | | | Subpoena issued to Building Director Kip Countryman (copy) | | KRI |
| | | | | Subpoena issued to USPS OIC Russell Eaile (copy) | | KRI |
| | | | | Subpoena issued to USPS Stephanie Johnson (copy) | | KRI |
| | | | | Subpoena issued to USPS Kaila Osborne (copy) | | KRI |
| | | | | Subpoena issued to Officer Julie Schutz (copy) | | KRI |
| 6/23/2022 | JAP | | | SUPREME COURT ORDER - Petition's M/Reconsider Denied | | JAP |
| | AMA | | | Notice and Proof of Service | | AMA |
| | | | | Motion to Quash Subpoenas | | AMA |
| | | | | Motion hearing set for 06/28/2022 at 2:00 in courtroom 2. | | AMA |
| 6/27/2022 | DSV | | | Defendant's Response to the States Motion to Quash Subpoenas | | DSV |
| | | | | Proof of Delivery | | DSV |
| 6/28/2022 | AMA | RAS | ER | Def ps (VC) for motion hearing. St by Babcox-Poole and Maville. | 6/29/2022 | AMA |
| | | | | Atty Drella ps. On St's and city of Belvidere's motion to quash | 6/29/2022 | AMA |
| | | | | subpoenas and Defendant's response to the St's motion to Quash | 6/29/2022 | AMA |
| | | | | Subpoenas. Arguments heard by both parties. Court H&G St's and | 6/29/2022 | AMA |
| | | | | City of Belvidere's motion to quash subpoena. Case remains set | 6/29/2022 | AMA |
| | | | | for hearing on 07/06/22 at 1:45 PM. All parties notified of date in | 6/29/2022 | AMA |
| | | | | Court. | 6/29/2022 | AMA |
| | | | | ORDER | 6/29/2022 | AMA |
| 6/29/2022 | AMA | | | Notice of Appearance mailed to WIGGINTON, RICHARD A. | | AMA |
| | RWM | | | Subpoena Issued - Office of Inspector General William Hedrick, | | RWM |
| | | | | Inspector-in-Charge of the US Postal Inspections Service in Chicago | | RWM |
| | | | | (copy) | | RWM |
| | | | | Subpoena Issued - Alejandro E Almaguer (copy) | | RWM |
| 6/30/2022 | AMA | | | Notice and Proof of Service | | AMA |
| | | | | Motion to Quash Subpoenas | | AMA |
| | | | | Motion hearing set for 07/05/2022 at 2:30 in courtroom 2. | | AMA |
| | | | | Motion hearing set for 07/05/2022 at 2:31 in courtroom 2. | | AMA |
| 7/05/2022 | RSS | | | Defendant's Motion to Quash States Motion to Quash Subpoenas, | | RSS |
| | | | | Objection to States Quashing of Subpoenas to Appear | | RSS |
| 7/05/2022 | AMA | RAS | ER | Def ps (VC) for motion hearing. St by Babcox-Poole and Maville. | 7/06/2022 | AMA |
| | | | | On St's motion to quash subpoena. Arguments heard by both parties. | 7/06/2022 | AMA |
| | | | | Court H&G St's motion to quash subpoenas over Def's objection. | 7/06/2022 | AMA |

8/18/22   PAGE      8                                                            JAP

2021CM000081D 001
PEOPLE                              BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A                PRO SE
------------------------------------------------------------------------------------------------
ENTERED    USER JDG CR   TEXT                                                    CHANGED USER
------------------------------------------------------------------------------------------------
                         Case remains set for hearing on 07/06/22 at 1:45 PM. All parties    7/06/2022 AMA

                         notified of date in Court.                             7/06/2022 AMA

                         ORDER                                                  7/06/2022 AMA

7/06/2022 KRI  RAS ER    Def ps for M/hearing by virtual court. St by Babcox-Poole and   7/11/2022 KRI

                         Maville. Court vacates the order from 5-12-22. St's M/Protective   7/11/2022 KRI

                         order. Def objs, to St's M/Protective order. Arguments heard.   7/11/2022 KRI

                         Def's M/Reconsider is H&D. St's M/Protective order is H&G over   7/11/2022 KRI

                         Def's obj. Court orders case cont for Final Pre-trial on 8-23-22   7/11/2022 KRI

                         at 1:30 PM. All pre-trial motions and discovery to be given by   7/11/2022 KRI

                         this date. All parties notified of date in Court. Orders mailed   7/11/2022 KRI

                         to Def.                                                7/11/2022 KRI

                         ORDER (M/Reconsider)                                   7/11/2022 KRI

                         ORDER (St's M/Protective order)                        7/11/2022 KRI

7/11/2022 KRI            Final pre-trial set for 08/23/2022 at 1:30 in courtroom 2.      KRI

7/15/2022 RSS            Motion to Vacate, Set Aside, Correct and to Modify July 6th, 2022,   RSS

                             Order Certification of Questions of Law, "Point of Law" "PLA"   RSS

                         Notice and Proof of Service                                 RSS

                         Motion/vacate set for 07/19/2022 at 2:45 in courtroom 2.        RSS

7/18/2022 AMA            Notice and Proof of Service                            7/19/2022 AMA

                         Motion to Strike Def's Motion to Vacate,Set Aside, Correct & Modify   7/19/2022 AMA

                                             07/06/22 ORDER                     7/19/2022 AMA

7/19/2022 AMA            Motion/vacate set for 07/19/2022 at 2:46 in courtroom 2.        AMA

          DSV            Def's Motion to Quash State's Motion to Strike              DSV

7/19/2022 AMA  RAS ER    Def ps (VC) for motion to vacate. St by Babcox-Poole. Arguments   Chg   7/21/2022 AMA

                         heard by both parties on filings. Court strikes Def's motion to   Chg   7/21/2022 AMA

                         vacate that was filed on 07/15/22 over Def's objection. Court H&D   Chg   7/21/2022 AMA

                         Def's motion to quash St's motion to vacate filed on 07/19/22.   Chg   7/21/2022 AMA

                         Case remains set for 08/23/22 at 1:30 PM. All parties notified   Chg   7/21/2022 AMA

                         of date in Court. All parties notified of date in Court.   Chg   7/21/2022 AMA

7/27/2022 KLB            Defendant's Motion To Recuse Judge Ryan Swift For Cause and   7/28/2022 KLB

                         Substitution For Cause Thereof                         7/28/2022 KLB

                         Notice and Proof of Service                            7/28/2022 KLB

7/28/2022 AMA            Affidavit                                                  AMA

8/18/22   PAGE     9                                                              JAP

2021CM000081D 001
PEOPLE                                BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A                  PRO SE
--------------------------------------------------------------------------------------------
ENTERED   USER JDG CR   TEXT                                              CHANGED USER
--------------------------------------------------------------------------------------------
          KLB           Motion/substitute set for 08/02/2022 at 2:15 in courtroom 1.        KLB

                        Notice of Appearance emailed to WIGGINTON, RICHARD A.               KLB

8/01/2022 JAP           Sent text reminder of 08/02/2022 hearing to WIGGINTON, RICHARD A at JAP

                        08/01/2022@8:13 AM.                                                 JAP

8/02/2022 AMA           Notice of Filing and Proof of Service                               AMA

                        State's Supplemental Disclosure Pursuant to People vs Schmidt       AMA

8/02/2022 JAP   CRT ER  Def ps virtually for M/Substitute Judge.  St by Maville and         JAP

                        Babcox-Poole.  Def's M/Substitution of Judge.  Arguments are heard  JAP

                        and the motion is denied.  By agreement, Court further orders case  JAP

                        continued for pretrial on 8/23/22 at 2:30 PM on Judge Swift's trial JAP

                        call.  All parties notified of date in court.                       JAP

8/02/2022               Pre-trial set for 08/23/2022 at 2:30 in courtroom 2.                JAP

8/04/2022 RSS           application for waiver of fees                        Chg  8/15/2022 DSV

8/08/2022 DSV           Rule 19 Notice                                             8/09/2022 DSV

                        Proof of Delivery                                          8/09/2022 DSV

8/12/2022 DSV           Motion                                                              DSV

                        Proof Of Delivery                                                   DSV

                        Notice of Court Date for Motion                                     DSV

                        Motion hearing set for 08/16/2022 at 2:15 in courtroom 2.           DSV

                        Motion hearing set for 08/16/2022 at 2:16 in courtroom 2.           DSV

8/15/2022 JAP           Notice Of Appeal                                                    JAP

                        Application for Waiver of Court Fees                                JAP

                        Motion to Stay Proceeding                                           JAP

                        Appellate Court Application for Waiver of Court Fees    Chg  8/16/2022 JAP

8/16/2022 AMA   RAS ER  Def ps (VC) for motion hearing. St by Babcox-Poole and Maville.     8/18/2022 AMA

                        On Def's motion to stay proceeding and Def's motion for wavier      8/18/2022 AMA

                        of Court fees are H&D over Def's objection. Court orders no stay     8/18/2022 AMA

                        has been issued as of today by the appellate Court. Court sets       8/18/2022 AMA

                        case for jury status on 01/17/23 at 9:00 AM and jury trial on        8/18/2022 AMA

                        01/18/23 at 9:00 AM. Court orders the 08/23/22 Court date is         8/18/2022 AMA

                        stricken. TIA/SIA warnings given. All parties notified of date in    8/18/2022 AMA

                        Court.                                                               8/18/2022 AMA

                        ORDER                                                               8/18/2022 AMA

8/18/22   PAGE    10                                                          JAP

2021CM000081D 001
PEOPLE                              BABCOX-POOLE, ROBIN
VS.
WIGGINTON, RICHARD A                PRO SE
------------------------------------------------------------------------------
ENTERED   USER JDG CR   TEXT                                      CHANGED USER
------------------------------------------------------------------------------
8/18/2022 AMA           Jury pre-trial set for 01/17/2023 at 9:00 in courtroom 2.    AMA

                        Jury trial set for 01/18/2023 at 9:00 in courtroom 2.        AMA

                        Notice of Appearance mailed to WIGGINTON, RICHARD A.         AMA