IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Richard Wigginton, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 C 50361 |
| | ) | |
| vs. | ) | |
| | ) | |
| State of Illinois, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, this case is not properly removable from state court under 28 U.S.C. § 1443 and is summarily remanded forthwith to the Circuit Court of the 17th Judicial Circuit, Boone County, Illinois pursuant to 28 U.S.C. § 1455(b)(4). Wigginton's application to proceed in forma pauperis [4] is denied as moot.

## STATEMENT

Richard Wigginton, a pro se defendant, removed this criminal misdemeanor prosecution from the Circuit Court of the 17th Judicial Circuit, Boone County, Illinois pursuant to 28 U.S.C. § 1443. The State of Illinois is prosecuting Wigginton for resisting a peace officer, criminal trespass to real property, and disorderly conduct ("Criminal Case"). Wigginton previously filed a pending civil case in this court, 22cv50292 ("Civil Case") seeking to enjoin this state court prosecution and to obtain a declaration that the Illinois criminal trespass statute (720 ILCS 5/21-3) and the disorderly conduct statute (720 ILCS 5/26-1) are unconstitutional. The actions leading to Wigginton's arrest and prosecution occurred at the Belvidere, Illinois post office. Wigginton argues in his Civil Case, and in the notice of removal in this Criminal Case, that there is exclusive federal jurisdiction over the property of the United States Postal Service ("USPS") and, therefore, that the Belvidere police lacked authority to arrest him, the Boone County State's Attorney lacks authority to charge and prosecute him, and the Illinois state court lacks authority to try him for his actions at the Belvidere post office.

A defendant in a state criminal case may remove the case to federal court if the case is:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

28 U.S.C. § 1443.

1

When a notice of removal is filed with a federal district court removing a state criminal prosecution, the "district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Wigginton's core objection to his state court prosecution is that he believes the Belvidere post office is subject to exclusive federal jurisdiction precluding any state prosecution for events occurring there. He alleges that the United States Postal Service ("USPS") purchased the property for the Belvidere post office in 1996 and erected a "needful building" on the property in 1997 pursuant to the authority granted by Article I, § 8, Clause 17 of the United States Constitution. He argues that the property is exclusive federal property because it is owned by the USPS "a Federal agency that is exclusively legislated under congress (as sovereign territory, or enclave)" and corresponding regulations governing conduct on USPS property. He contends the United States Postal Inspection Service is the authorized law enforcement agency for USPS property unless otherwise specifically governed by statute so that, absent an agreement between it and another agency, no other law enforcement agency has jurisdiction to enforce any laws on USPS property. He alleges no such agreement exists. Wigginton argues that Congress has occupied "the field of USPS both as to properties and conduct on said property, thereby preempting State regulation" under the Supremacy Clause of the United States Constitution. U.S. CONST., art. VI, cl. 2.

Wigginton cites 39 C.F.R. § 231.1(p)(1) in support of his argument. 39 C.F.R. §231.1(p)(1) provides that "[a]lleged violations of these rules and regulations are heard, and the penalties prescribed herein are imposed, either in a Federal district court or by a federal magistrate in accordance with applicable court rules." However, 39 C.F.R. § 231.1(p)(2) states "[n]othing contained in these rules and regulations shall be construed to abrogate any other Federal laws or regulations or any State and local laws and regulations applicable to any area in which the property is situated.". This seems to contemplate concurrent jurisdiction by the state in which postal property is located.

Wigginton also argues this court has jurisdiction under 18 U.S.C. § 7(3) which includes "[a]ny lands reserved or acquired for use of the United States, and under the exclusive or concurrent jurisdiction thereof or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard or other needful building" within the term "special maritime and territorial jurisdiction of the United States." This statute does not say anything about exclusive federal jurisdiction as opposed to concurrent jurisdiction over "needful buildings."

The Congressional authority to acquire land to erect a "needful building" rests in the constitution. The United States Constitution grants Congress the authority "To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;" U.S. CONST., art. I, § 8, cl. 17. However, "Article I, § 8, Clause 17, United States Constitution, provides a *permissive* grant for the United States to exercise jurisdiction over lands purchased within a

2

state." *Greer v. Pate*, 393 F.2d 44, 45 (7th Cir. 1968) (emphasis added). Acquiring title to property does not *require* the United States to assume exclusive jurisdiction over the property. *Id.* The United States only obtains exclusive jurisdiction over a property it acquires if it follows the specific statutory procedure set forth in 40 U.S.C. § 3112.

40 U.S.C. § 3112 provides as follows:

"(a) **Exclusive jurisdiction not required. --**It is not required that the Federal Government obtain exclusive jurisdiction in the United States over land or an interest in land it acquires.

(b) **Acquisition and acceptance of jurisdiction.**--When the head of a department, agency, or independent establishment of the Government, or other authorized officer of the department, agency, or independent establishment, considers it desirable, that individual may accept or secure, from the State in which land or an interest in land that is under the immediate jurisdiction, custody, or control of the individual is situated, consent to, or cession of, any jurisdiction over the land or interest not previously obtained. The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated.

(c) **Presumption.**--It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section."

Under the provisions of section 3112, it is *conclusively* presumed that exclusive jurisdiction over land acquired by the federal government *does not* exist unless the procedure set forth in paragraph (b) has been followed. Wigginton does not allege this procedure has been followed. He bases his claim to exclusive federal jurisdiction on the statutes and regulations noted above but they do not purport to confer exclusive jurisdiction over the Belvidere post office, nor could they, given the specific requirements 40 U.S.C. § 3112 establishes for obtaining exclusive federal jurisdiction over property acquired in a state by the federal government.

Wigginton argues, citing *Taflin v. Levitt*, 493 U.S. 455 (1990), that while exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule, that the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by implication, or by incompatibility between state-court jurisdiction and federal interests. However, as discussed above, 40 U.S.C. § 3112 is the explicit federal statutory directive on when there is exclusive federal jurisdiction over federally owned property in a state.

Wigginton also cites *U.S. v. Kokina*, 497 U.S. 720 (1990) as support for his claim of exclusive federal jurisdiction. In *Kokina*, individuals were arrested on postal service property by postal inspectors and tried before a federal magistrate for violating postal service regulations against soliciting on postal service property. But *Kokina* says nothing about exclusive federal jurisdiction. *Kokina* involved a federal prosecution for a federal rule violation. No question of state enforcement of state law was at issue.

"[A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that

3

prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case."

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotation marks and citations omitted); see also, *Yashar'al v. Hopper*, 849 Fed. Appx. 591, 592 (7th Cir. 2021).

Wigginton's main argument is that there is exclusive federal jurisdiction over the Belvidere post office. Whether the Belvidere post office is subject to exclusive federal jurisdiction is governed by 40 U.S.C. § 3112 but 40 U.S.C. § 3112 is not a "federal law providing for specific civil rights stated in terms of racial equality." Therefore, it is not a basis for removal under 28 U.S.C. § 1443(1).

Wigginton's notice of removal, which does not cite 40 U.S.C. § 3112, does cite numerous federal statutes and regulations, in addition to the removal statutes quoted above (28 U.S.C. §§ 1443 & 1455). It cites: 28 U.S.C. § 1442 (federal officers or agencies are defendants); 28 U.S.C. § 1367 (supplemental jurisdiction); 28 U.S.C. § 1339 (federal court have original jurisdiction of any civil action arising under an Act of Congress relating to the postal service); 39 U.S.C. § 410 (federal laws that apply and federal laws that do not apply to the USPS); 39 C.F.R. § 232.1 (conduct on postal property); 18 U.S.C. § 7(3) (land acquired by United States for "needful buildings"); 28 U.S.C. § 2403 (intervention by United States or a State; constitutional questions); 91 Stat 341 § 610 (Postmaster General authority to protect postal property); 18 U.S.C. § 241 (establishing crime of conspiracy to oppress free exercise of any right secured by Constitution or federal law); 18 U.S.C. § 242 (crime of willfully depriving a person of any right secured by Constitution or federal law by reason of color, race, or being an alien); 42 U.S.C. § 1983 (civil action for deprivation of rights secured by Constitution or federal law under color of state law); 42 U.S.C. § 1985 (conspiracy to interfere with civil rights); 42 U.S.C. §§ 3617 & 3631 (provisions of the Fair Housing Act) and the Civil Rights Act of 1964.

Most of these statutes do not provide "for specific civil rights stated in terms of racial equality." *Johnson*, 421 U.S. at 219. While the Fair Housing Act may protect against racial discrimination, Wigginton makes no claims about housing discrimination. 18 U.S.C. § 242 makes it a crime to deprive a person of a right secured by the Constitution or federal law based on race, but it does not itself specify a right stated in terms of racial equality. He cites no specific provision of the Civil Rights Act of 1964 though he references it has been interpreted to include discrimination based on sex or gender. In any case, *Johnson* establishes a two-prong test and Wigginton does not meet the second prong of the test because he does not assert any state

4

legislative or constitutional provision that denied him or makes it impossible for him to enforce a specified civil right stated in terms of racial equality. This case is not removable under 28 U.S.C. § 1443(1).

A separate basis for removal of a state criminal prosecution is provided by 28 U.S.C. § 1443(2), which allows removal by a defendant "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." This provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824. Wigginton is not within the class of individuals allowed to remove a criminal case under 28 U.S.C. § 1443(2).

For the foregoing reasons, this case is not properly removable from state court under 28 U.S.C. § 1443 and is summarily remanded forthwith to the Circuit Court of the 17th Judicial Circuit, Boone County, Illinois pursuant to 28 U.S.C. § 1455(b)(4). Wigginton's application to proceed in forma pauperis [4] is denied as moot.

Date: 10/25/2022                                    ENTER:

 

_____
United States District Court Judge

Notices mailed by Judicial Staff.