IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Richard Wigginton, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 C 50361 |
| | ) | |
| vs. | ) | |
| | ) | Judge Philip G. Reinhard |
| State of Illinois, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, the motion [15] for relief from the remand order is denied.

**STATEMENT-OPINION**

Richard Wigginton, a pro se defendant, removed this criminal misdemeanor prosecution from the Circuit Court of the 17th Judicial Circuit, Boone County, Illinois pursuant to 28 U.S.C. § 1443. The court remanded [6]. Mr. Wigginton appealed the remand order. The Court of Appeals dismissed the appeal [14]. Mr. Wigginton then moved [15] in this court for relief pursuant to Fed. R. Civ. P. 60(b)(1) & (2) and (d)(1) from the remand order. He also filed a petition for writ of mandamus with the Court of Appeals. Before the court, is the motion [15] for relief from the court's order [6] remanding the case.

Rule 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b)." Rule 60(d)(1) provides: "This rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding."

### Rule 60(d)(1)

Rule 60(d)(1) preserves a court's power to "entertain an independent action to relieve a party from a judgment, order or proceeding." The Advisory Committee Notes to the 1946 Amendment to Rule 60 specifies that there are two types of procedures to obtain relief from a judgment: "One procedure is by motion in the court and in the action in which the judgment was entered. The other procedure is by a new or independent action to obtain relief from a judgment, which action may or may not be begun in the court which rendered the judgment." Mr. Wigginton has utilized the first procedure. He filed a motion in this case, the case in which the order he seeks relief from was entered. Rule 60(d)(1) does not apply.

### Rule 60(b)(1)

Rule 60(b)(1) allows a court to grant relief from a final judgment or order based on mistake, inadvertence, surprise, or excusable neglect. Mr. Wigginton contends the court erred in finding this case was not removable. In his appellate brief [1], Mr. Wigginton thoroughly set forth his arguments for reversal of this court's remand order. These are the same arguments he is raising in his motion for relief from that remand order. The Court of Appeals, in its order [14] dismissing Mr. Wigginton's appeal, stated it had "carefully reviewed the final order of the district court, the record on appeal, and appellant's brief." After conducting this review, the Court of Appeals held that the "district court properly remanded this case to state court." It also denied the petition for writ of mandamus [18] warning Mr. Wigginton "that further frivolous litigation may result in sanctions." In response to Mr. Wigginton's motion for clarification, the Court of Appeals stated: "It is frivolous to attempt to interrupt a state prosecution in federal court, absent extraordinary circumstances not present here. To the extent petitioner believes he has a defense to his charges based on federal law, he may assert that defense only through the state court system consistent with the state's procedural rules and subject to review by the United States Supreme Court after final judgment. See Younger v. Harris, 401 U.S. 37 (1971)." *In re Wigginton*, No. 23-1240, Document 5 (7th Cir. Feb. 27, 2023). Given the prior rejection by the Court of Appeals of the same arguments raised here, the court finds relief from the remand order is not appropriate under Rule 60(b)(1).

### Rule 60(b)(2)

Rule 60(b)(2) allows relief from a final judgment or order based on newly discovered evidence. Mr. Wigginton has not identified any newly discovered evidence which would warrant relief from the remand order. He argues that he is Hispanic and that was targeted by the authorities based on race. However, this argument does not meet the requirement for removal enunciated in *Johnson v. Mississippi*, 421 U.S. 213 (1975) which the court discussed in the remand order. *Johnson* establishes a two-prong test and Wigginton does not meet the second prong of the test because he does not assert any state legislative or constitutional provision that denied him or makes it impossible for him to enforce a specified civil right stated in terms of racial equality. *Johnson*, 421 U.S. at 219.

Moreover, Mr. Wigginton raised this argument in his appellate brief. Notwithstanding its consideration of this argument, the Court of Appeals determined the remand order was proper. Relief from the remand order is not appropriate under rule 60(b)(2).

For the foregoing reasons, the motion [15] for relief from the remand order is denied.

Date: 4/27/2023  ENTER:

*Philip G. Reinhard*

United States District Court Judge

Notices mailed by Judicial Staff.

---

[1] Document 10, *Wigginton v. State of Illinois*, No. 22-2977.